**In re Norma REID, Debtor.**

**Bankruptcy No. 96–12887–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida.

Sept. 10, 1996.

Robert S. Kahane, Faber & Galitz, Coral Gables, FL, for Mortgagee.

Jordan E. Bublick, North Miami, FL, for Debtor.

## MEMORANDUM OPINION AND ORDER GRANTING MORTGAGEE'S MOTION FOR RELIEF FROM STAY

ROBERT A. MARK, Bankruptcy Judge.

The debtor, Norma Reid ("Debtor"), filed this Chapter 13 case after her residence was sold to the mortgagee at a foreclosure sale, but before a certificate of title was issued. Debtor asserts that she retained redemption rights under Florida law which entitle her to cure and reinstate the mortgage under 11 U.S.C. § 1322(b)(5). The mortgagee seeks stay relief to obtain the certificate of title arguing that pursuant to 11 U.S.C. § 1322(c)(1), Debtor's property interest terminated prior to bankruptcy. The Court agrees with the mortgagee. Debtor's right to cure and reinstate her mortgage terminated under Florida law prior to the filing of her Chapter 13 case.

### FACTS

Financial Federal Savings and Loan Association of Dade County ("Mortgagee") held a mortgage on Debtor's principal residence. Mortgagee began a foreclosure action against Debtor and obtained a final judgment in state court which set a foreclosure sale pursuant to the judicial sales procedure in § 45.031, Florida Statutes. The public sale was conducted on May 1, 1996 and the Mortgagee was the successful bidder. A certificate of sale was filed by the Clerk of the Circuit Court on May 1, 1996 reflecting the sale of the property to Mortgagee. Debtor filed her Chapter 13 petition on May 13, 1996. Included in her plan is a provision to cure the default and reinstate her mortgage.

### DISCUSSION

#### A. Pre–Reform Act Law

Prior to the Bankruptcy Reform Act of 1994, courts disagreed about when in the foreclosure process a debtor lost the right to cure a default and reinstate a home mortgage under Chapter 13. The most widely accepted view was set forth in the case of *In re Glenn*, 760 F.2d 1428 (6th Cir.1985), *cert. denied*, 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985).

In *Glenn*, the court held that the right to cure the default and reinstate the mortgage terminated at the sale of the property at the foreclosure sale. The court enumerated several reasons for choosing the date of sale as the cut-off, including the following:

(d) The foreclosure sale normally comes only after considerable notice giving the debtor opportunity to take action by seeking alternative financing or negotiating to cure the default or by taking advantage of the benefits of Chapter 13. Therefore, setting the date of sale as the cut-off point avoids most of what some courts have described as the 'unseemly race to the courthouse.'

\* \* \* \* \* \*

(g) Any later date also brings with it the very serious danger that bidding at the sale itself, which should be arranged so as to yield the most attractive price, will be chilled; potential bidders may be discouraged if they cannot ascertain when, if ever, their interest will become finalized.

*Glenn*, 760 F.2d at 1435, 1436. Glenn's reasoning and its "bright-line" termination date were adopted by the Eleventh Circuit in *In re Smith*, 85 F.3d 1555 (11th Cir.1996).

#### B. Analysis Under Amended § 1322(C)(1)

Section 1322(c)(1) was added to the Bankruptcy Code by Section 301 of the Bankruptcy Reform Act of 1994. This new section of the Code, which appears to codify the holding in *Glenn*, reads:

(c) Notwithstanding subsection (b)(2) and applicable nonbankruptcy law—

(1) a default with respect to, or that gave rise to, a lien on debtor's principal resi-

dence may be cured under paragraph (3) or (5) of subsection (b) *until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law* ...

11 U.S.C. § 1322(c)(1). (emphasis added).

■ The issue under the new Code section is simply stated: Under Florida law, at what point in the foreclosure process is the property "sold"?

Bankruptcy Judge Glenn addressed this issue in a thorough, well-reasoned opinion published last year. *In re Jaar*, 186 B.R. 148 (Bankr.M.D.Fla.1995). This Court agrees with Judge Glenn's conclusion that "in Florida, a residence is sold at a foreclosure sale within the meaning of Section 1322(c)(1) at the time the certificate of sale is filed by the clerk of the state court." *Id.* at 154. Judge Glenn found that "[u]sing the certificate of sale as the point in Florida where a debtor's right to cure defaults and reinstate a mortgage terminates is consistent with the provisions of the new § 1322(c)(1) [and] consistent with the reasoning of *Glenn.*" *Id.*

■ Debtor attempts to distinguish *Jaar* based upon language in the state court's final judgment which purportedly extended her right of redemption until issuance of the certificate of title. The argument is based upon § 45.0315, Florida Statutes, which provides that a mortgagor may cure a mortgage and prevent a foreclosure sale by paying the amount of moneys specified in the judgment "before the *later of* the filing of a certificate of sale by the clerk of the court *or the time specified in the judgment* ..." § 45.0315 (emphasis added).

In this case, the final judgment provides as follows:

"On filing the Certificate of Title, Defendants and all persons claiming under or against them ... are foreclosed of all estate or claim in the property ..."

Amended Final Judgment of Mortgage Foreclosure ("Final Judgment"), Case No. 92–4331–CA (08), March 21, 1996, paragraph 7. Based upon this language, Debtor argues that her right of redemption was extended until issuance of the certificate of title. As such, she claims her right to cure and rein-

state the mortgage still existed when she filed her petition *after* the certificate of sale but *before* issuance of the certificate of title.

The Court rejects Debtor's argument for two reasons. First, the language in the Final Judgment does not expressly extend Debtor's right of redemption. Second, even if her redemption right existed on the filing date of her Chapter 13 petition, the redemption right was simply the right to pay the judgment in cash, not the right to cure and reinstate the mortgage.

In *In re Smith, supra*, the debtor retained redemption rights under Alabama law when he filed his Chapter 13 case. The Eleventh Circuit reversed the lower court orders confirming a Chapter 13 plan holding that the debtor's statutory right of redemption required a lump sum cash payment and could not be modified by curing and reinstating the mortgage in a Chapter 13 plan. 85 F.3d at 1560–61. The redemption right under Florida law similarly requires "paying the amount of monies specified in the judgment." § 45.0315, Florida Statutes. Thus, even if Debtor retained redemption rights after the sale because of language in the Final Judgment, it was too late for her to cure and reinstate her mortgage in this Chapter 13 case. Therefore, it is—

**ORDERED** that the Motion for Relief from Stay filed by Mortgagee, Financial Federal Savings and Loan Association of Dade County is granted.