In re Stephen R. KRAWCZYK, Diane
A. Krawczyk, Debtors.

Stephen R. KRAWCZYK, Diane
A. Krawczyk, Plaintiffs,

v.

UNITED STATES of America (IRS),
Williams Marketing Services,
Inc., Defendants.

Bankruptcy No. 96–65682.
Adv. No. 96–6376.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Oct. 4, 1996.

Dorothy L. Bjork, Atlanta, GA, for Plaintiffs.

Ann Reid, U.S. Dept. of Justice, Tax Division, Washington, DC, for Defendant United States of America (IRS).

Otis Byron Meredith, III, Morris, Schneider & Pryor, LLC, Atlanta, GA, for Defendant Williams Marketing Services, Inc.

### ORDER

MARGARET H. MURPHY, Bankruptcy Judge.

This adversary proceeding is before the court on Debtors' emergency motion for an expedited hearing on the issue of the application of the automatic stay of 11 U.S.C. § 362(a) on the statutory period of redemption provided in 26 U.S.C. § 6337. Hearing was held September 17, 1996 and the decision and reasoning of this court were announced at the conclusion thereof.

On or about October 17, 1995, the Internal Revenue Service ("IRS") filed in Cobb County, Georgia, a notice of tax lien against property of Debtors. The lien was in the amount of $81,696.78. On March 25, 1996, IRS conducted a tax sale of Debtor's real property located at 2265 Mack Dobbs Road, Kennesaw, Georgia (the "Property"). Debtors allege the fair market value of the Property is $160,000 with an outstanding mortgage of approximately $40,000. At the tax sale, the high bidder to purchase the Property was Williams Marketing Services, Inc. ("Williams"). Williams paid IRS $58,628.20 and received a Certificate of Sale from IRS. On April 9, 1996, Debtors filed this Chapter 13 petition.

Pursuant to 26 U.S.C. § 6337, Debtors are accorded 180 days from the date of the tax sale within which to redeem the Property. That 180-day period is due to expire September 21, 1996. Debtors assert, however, that § 1322(c) operates to extend the redemption period and accords Debtors the time period set forth in § 1322(b)(5) within which to redeem the Property. Specifically, Debtors assert that by § 1322(c), in their Chapter 13 plan, they can modify the statutory right of redemption under the Tax Code (26 U.S.C. 6337) and redeem the Property by paying the redemption amount through their Chapter 13 plan.

As § 1322(c) is a new section added by the 1994 amendments to the Bankruptcy Code, very little case law interpreting the application of § 1322(c) exists. Of significance are the cases of *Commercial Federal Mortgage Corp. v. Smith*, 85 F.3d 1555 (11th Cir.1996), and *In re Sims*, 185 B.R. 853 (Bankr.N.D.Ala.1995).

The *Smith* decision involved a case filed before the effective date of the 1994 Amendments to the Bankruptcy Code. The *Smith* mortgagee conducted a foreclosure sale prepetition. Under the applicable state law, the *Smith* debtor retained a statutory right of redemption. The Eleventh Circuit Court in *Smith* held that the date of the foreclosure sale of the mortgaged property is a bright-line termination date of the right to cure a default through a Chapter 13 plan pursuant to § 1322(b)(5). The *Smith* court further held that the debtor may cure a default through exercise of his statutory right of redemption but such cure must be exercised as required by state law by making a lump sum payment before expiration of the redemption period.

In footnote 3 of the *Smith* decision, the Eleventh Circuit signaled how it might decide a similar case arising after the 1994 Amendments:

> It should be noted, however, that if we were to apply the amended version of section 1322, the foreclosure sale of Smith's property most likely would have cut off his ability to cure the default on his mortgage. *See, In re Sims*, 185 B.R. 853, 867 (Bankr. N.D.Ala.1995) (holding that the amended section 1322(c)(1) unambiguously prohibits the debtor from reinstating the mortgage under a Chapter 13 plan where there has been a prepetition foreclosure sale).

The decision in the *Sims* case, the case cited in the footnote in the *Smith* case, addressed a factual situation similar to that presented in the *Smith* case (a prepetition foreclosure sale and Alabama statutory right of redemption), but, as *Sims* was filed after October 22, 1994, the 1994 Amendments to § 1322 apply.

The *Sims* court recognized that in § 1322(c)(1), Congress adopted the date of the foreclosure sale as the termination date of a debtor's right to cure and reinstate the mortgage through the debtor's plan. As did the *Smith* court, the *Sims* court noted the debtor's only option for curing and reinstating the mortgage was by exercising the state statutory right of redemption by payment of a lump sum, which includes principal, interest and other charges.

■ Debtors argued that the *Sims* case and the *Smith* case are distinguishable from the instant case because both *Sims* and *Smith* dealt with mortgages. Under Alabama law, prior to foreclosure, a mortgagee holds legal title to the relevant property subject to the mortgagor's right of possession and equitable right of redemption. In the case of a tax sale by IRS, Debtors argued, prior to the sale, IRS held a statutory lien on the Property. Debtors assert that, through the operation of 26 U.S.C. § 6338 and § 6339, title to real property sold at a tax sale does not pass to the purchaser until IRS delivers to the purchaser a deed. The certificate of sale which IRS provides to the purchaser at a real property tax sale does not operate to pass title. 26 U.S.C. § 6339. Debtors argued that until the deed is executed, IRS—and therefore, the purchaser—has only a lien on the real property. Pursuant to § 6338, the deed from IRS to the purchaser may not be executed until the redemption period expires and the purchaser surrenders the certificate of sale. Debtors argued that the tax sale is not "complete" until the redemption period expires and, therefore, § 1322(c) allows Debtors to cure, i.e. redeem the property, under § 1322(b)(5) by payments through Debtors' plan.

At the hearing, this court accepted the legal fact that the tax sale was not "complete," i.e. title to the real property did not pass to the purchaser, until the deed was executed after the redemption period expired. In the normal course of analysis (following, for example, the logic of *U.S. v. Whiting Pools*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983)), the automatic stay of 11 U.S.C. § 362 might ordinarily have an academic chance to extend the redemption period as Debtors argued. However, the *Smith* and *Sims* opinions read together are persuasive for two reasons, at least: legislative history of § 1322(c) and § 108. Upon further review therefore, this court is convinced that the result in the instant case is governed by the principles set forth in the *Smith* and *Sims* decisions.

The legislative history shows that Congress enacted § 1322(c) to create a bright-line test for the date of termination of a debtor's right to cure and reinstate. Numerous variations for the date of termination exist under applicable non-bankruptcy law. The date which Congress chose was the date of the sale, regardless of whether title actually passed before, at or after such sale. In the instant case, the tax sale which was conducted under 26 U.S.C. § 6335 occurred before Debtors' petition was filed. Therefore, 11 U.S.C. § 1322(c) cannot act to extend the 180-day redemption period. Only 11 U.S.C. § 108 could apply to extend the redemption period, and its application would conflict with a longer period of 3–5 years if Debtors were so enabled by § 1322(b)(5). *Smith*, 85 F.3d 1555; *Sims*, 185 B.R. 853. *See also, Multnomah County v. Rudolph*, 166 B.R. 440 (D.Ore.1994); *In re Farmer*, 81 B.R. 857 (Bankr.E.D.Penn.1988); *In re Cooke*, 127 B.R. 784 (Bankr.W.D.N.C.1991).[1] Accordingly, it is hereby

ORDERED that Debtors may redeem the Property on or before September 21, 1996, as provided in 26 U.S.C. § 6337, by a lump sum payment to the tax sale purchaser, Williams, of the amount paid by Williams and interest thereon at the statutory rate of 20 percent per annum.

---

1. In the instant case, the statutory redemption period was set to expire more than 60 days after the petition was filed; therefore, § 108 did not act to further extend that period.