### In re PSYCHIATRIC HOSPITALS OF HERNANDO, INC., Debtor.

### Bankruptcy No. 99–10808–8P1.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 27, 1999.

Donald J. Schutz, St. Petersburg, FL, for debtors.

W. Keith Fendrick, Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, FL, for creditor Operation Par, Inc.

### ORDER ON DEBTOR'S MOTION FOR REHEARING

ALEXANDER L. PASKAY, Chief Judge.

This cause came on for hearing upon Psychiatric Hospitals of Hernando County, Inc.'s (Debtor) Motion for Rehearing of Order Granting Operation Par, Inc.'s (Par) Emergency Motion for Relief From Automatic Stay. The Court reviewed the motion and the record, heard argument of counsel and now finds and concludes as follows:

This is the second most recent attempt of the Debtor to seek reorganization under Chapter 11 of the Bankruptcy Code. Although its first attempt reached confirmation, the case was dismissed for the Debtor's failure to consummate the confirmed plan. The first case, just as the current case, was motivated solely to forestall an impending foreclosure on a mortgage encumbering the one and only asset of the

Debtor, a mental hospital located in Hernando County Florida.

After the Debtor's first case was dismissed, the original holder of the mortgage, First Union Bank (First Union) filed a foreclosure action and a receiver was appointed to manage all of the Debtor's assets. The receiver presently operates the Debtor's mental hospital. First Union obtained a Final Judgment of Foreclosure and assigned its judgment to Ocwen Federal Bank (Ocwen), which in turn assigned its interest to Par. The property was scheduled for foreclosure, but the original sale was canceled and rescheduled for July 2, 1999 at 11 a.m.

On July 1, 1999, one day before the scheduled sale, the Debtor filed its present Chapter 11 proceeding. On July 2, 1999 Par filed its emergency motion and sought relief from the automatic stay in order to proceed with, and conclude its previously scheduled foreclosure sale. This Court promptly scheduled the hearing on Par's emergency motion for the same day and heard arguments by counsel for the Debtor and Par.

In defense of the Motion, the Debtor argued that the property had a value in excess of seven million dollars ($7,000,-000.00) and the balance owing on the mortgage was less than three million dollars ($3,000,000.00); that the receiver operated the mental hospital with a positive cash flow and had a bank account worth more than three-hundred thousand dollars ($300,000.00); and the Debtor was willing to make adequate protection payments of thirty-seven thousand dollars ($37,000.00). The Debtor stated it did not have the funds to make the adequate protection payments, but if given some time it would be able to get the money. The Debtor failed to post a bond or request a stay. This Court ruled that Par was entitled to proceed and conclude the sale as scheduled. Par purchased the mental hospital at the sale, paying one thousand dollars ($1,000.00) over its credit bid. The Clerk immediately issued the certificate of title to the property and all assets involved in the foreclosure to Par.

The Motion for Rehearing is addressed in this Court's July 2, 1999 order granting Par's Emergency Motion for Relief from Automatic Stay. The Motion is devoid of any allegation of newly discovered evidence, nor does it allege that this Court committed an egregious legal error in granting Par's motion, the only bases on which a rehearing or reconsideration may be granted and the order changed or vacated. *See United States v. Reed,* 887 F.2d 1398, 1404 (11th Cir.1989), cert. denied 493 U.S. 1080, 110 S.Ct. 1136, 107 L.Ed.2d 1041 (1990); *Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co.,* 174 F.3d 653, 658 (5th Cir.1999); *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3rd Cir.1995). Thus, ordinarily the Debtor's motion would be denied ex parte. However, because this Motion has a controlling impact on the Debtor's pending Chapter 11 proceeding, this Court granted the Motion to allow counsel to present arguments in support of the Motion.

 It should be noted at the outset that it is well settled in the Eleventh Circuit that a bankruptcy court lacks the power to set aside a foreclosure when the Debtor fails to obtain a stay pending appeal. *Markstein v. Massey Assoc. Ltd.,* 763 F.2d 1325, 1326 (11th Cir.1985). Speaking for the court, Judge Hill held that when a bankruptcy court granted relief from the automatic stay and the debtor failed to obtain a stay pending appeal, the bankruptcy court was powerless to rescind a properly conducted foreclosure sale. *Id.* at 1327. *See also In re Sewanee Land, Coal & Cattle, Inc.,* 735 F.2d 1294, 1295 (11th Cir.1984); *Greylock Glen Corp. v. Community Savings Bank,* 656 F.2d 1, 3 (1st Cir.1981). The purpose of this rule is to give finality to the orders of the bankruptcy court and protect the integrity of the judicial sale process. *In re Matos,* 790 F.2d 864, 866 (11th Cir.1986), *In re of*

*Bleaufontaine,* 634 F.2d 1383, 1389 (5th Cir.1981).

The same issue was considered under Florida law in the case of *In re Reid,* 200 B.R. 265 (Bankr.S.D.Fla.1996) where Judge Mark of the Southern District held that under Florida law, a debtor loses all interest in a mortgaged property when the property is sold at a foreclosure sale and certificate of sale is filed by the clerk of the state court. *Id.* at 267. In the case of *In re Jaar,* 186 B.R. 148 (Bankr.M.D.Fla. 1995) this issue arose in a Chapter 13 case when the debtor attempted to cure its mortgage encumbering a homestead after the property was sold at a properly conducted foreclosure sale. *Id.* at 149. A mortgagor's equity of redemption is divested when the certificate is filed with the clerk of the state court, and the mortgagor may no longer cure the default and reinstate the mortgage. *Id.* at 154.

In support of its Motion, the Debtor contends that Federal Rule of Civil Procedure 62, as adopted by Federal Bankruptcy Rule of Procedure 7062 automatically stays the enforcement of judgments, including this Court's July 2, 1999 Order granting Par relief from the automatic stay, for ten days. In addition, the Debtor contends that Section 108(b) of the Bankruptcy Code extends the Debtor's right to cure defaults for 60 days when a nonbankruptcy order has not expired before the date of filing the petition. Under either Rule 7062 or Section 108(b), the Debtor contends that the Order entered by this Court granting relief from the stay was not final at the time of the foreclosure sale, and therefore it had the right to redeem and cure the default on the mortgage. Based on this, the Debtor contends that the sale of the mental hospital at the foreclosure proceeding was a nullity or at least voidable. Additionally, the Debtor urges as a back-up position that under equitable principles, Par's conduct is unfair and inequitable because Par purchased the foreclosure judgment for the specific purpose of acquiring a hospital facility worth more than $7,000,000.00 for only $3,000,000.00.

Unless F.R.B.P. 7062 or Section 108(b) apply in this case, once the automatic stay was lifted, the hospital sold and the certificate issued by the clerk, this Court was powerless to rescind the foreclosure sale to Par on July 2, 1999. The Debtor's reliance on F.R.B.P. 7062 is without merit and the Debtor's Motion for Rehearing on this basis is denied. Even a cursory reading of Rule 7062 leaves no doubt that orders of the bankruptcy court lifting the automatic stay are specifically excluded from operation of Fed.R.Civ.P. 62. As such, it was proper for Par to proceed forthwith and conclude its previously scheduled foreclosure sale.

The Debtor's contention that Section 108(b) of the Bankruptcy Code extends the Debtor's right to redeem the mortgage for 60 days is equally without merit. The Debtor has cited no case authority in support of this proposition. Section 108(b) prescribes a statute of limitations for filing actions once a bankruptcy petition is filed. Section 108(b) does not extend the time that a debtor has to redeem a mortgage once property is sold at a foreclosure sale.

The Debtor's equitable arguments are also rejected as specious. Applicable law governs the relief the Debtor seeks. It is axiomatic that when applicable law governs relief, no equitable principles will carry the time of the day.

Having concluded that no argument advanced by the Debtor has merit, this Court is satisfied that the Debtor's Motion for Rehearing should be denied for the reasons previously stated.

Accordingly, it is ORDERED, ADJUDGED and DECREED that the Debtor's Motion for Rehearing is denied and the Order granting Par's Motion for Relief from Automatic Stay is reaffirmed.