**In re Greg Allen FOTHERGILL and Cindy Rae Fothergill, Debtors.**

**No. 02–36939–BKC–SHF.**

United States Bankruptcy Court, S.D. Florida.

May 8, 2003.

Wendy J. Wasserman, Esq., Plantation, FL, for Bank of America.

Brad Culverhouse, Esq., Ft. Pierce, FL, for Debtor.

*ORDER GRANTING BANK OF AMERICA'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND DENYING CONFIRMATION*

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be heard on May 5, 2003 upon Bank of America's Motion for Relief from the Automatic Stay and upon Bank of America's Objection to

Confirmation of Debtor's Chapter 13 Plan. On December 10, 2002, the debtors initiated the instant case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code. On March 20, 2003, Bank of America filed the instant motion and objection to confirmation. Subsequently, on March 27, 2003, the debtors filed a response to Bank of America's objection to confirmation.

Bank of America, N.A., Successor to Barnett Bank, N.A. ("Bank of America") held a first mortgage on the debtors' principal residence. Bank of America began a foreclosure action against the debtors in state court. On August 12, 2002, Bank of America obtained a summary final judgment of foreclosure which set a foreclosure sale of the debtors' real property located at 965 18th South West, Vero Beach, Florida 32962 (the "Property"). The Property is legally described as:

> LOT 21, BLOCK 85, VERO BEACH HIGHLANDS UNIT 5, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 8, PAGE 55, OF THE PUBLIC RECORDS OF INDIAN RIVER COUNTY, FLORIDA.

On September 30, 2002, a public sale of the Property was conducted, and Bank of America was the highest bidder. On that same date, the Clerk of the Circuit Court issued a Certificate of Sale. Thereafter, on October 11, 2002, the Clerk of the Circuit Court issued a Certificate of Title reflecting that title to the Property had vested in favor of Bank of America. Nearly two months later, on December 10, 2002, the debtors filed their chapter 13 petition. Included in the debtors' First Amended Chapter 13 Plan is a provision to cure the default and reinstate their mortgage.

Section 1322(c)(1) of the Bankruptcy Code provides:

> (c) Notwithstanding subsection (b)(2) and applicable non-bankruptcy law—

> (1) a default with respect to, or that gave rise to, a lien on debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable non-bankruptcy law ...

11 U.S.C. § 1322(c)(1). Several courts have examined the issue as to when, in the foreclosure process, property is deemed to be sold. In *In re Jaar*, 186 B.R. 148 (Bankr.M.D.Fla.1995), the bankruptcy court, pursuant to Section 1322(c)(1), examined state law to determine when property is sold at a foreclosure sale. The court held that "in Florida, a residence is sold within the meaning of Section 1322(c)(1) at the time that the certificate of sale is filed by the clerk of the state court." *Id.* at 154. The court stated that "[u]sing the certificate of sale as the point in Florida where a debtor's right to cure defaults and reinstate a mortgage terminates is consistent with the provisions of § 1322(c)(1)." *Id.*

Similarly, in *In re Reid*, 200 B.R. 265 (Bankr.S.D.Fla.1996), Bankruptcy Judge Mark adopted the reasoning of *In re Jaar* and held that where the debtor filed a Chapter 13 case after her residence was sold at foreclosure sale, but before a certificate of title was issued, the debtor's property interest terminated before the bankruptcy case was filed. Thus, Judge Mark determined that "the debtor's right to cure her mortgage terminated under Florida law prior to the filing of her Chapter 13 case." *Id.* Likewise, the Eleventh Circuit held that the right to cure a default through a Chapter 13 plan in bankruptcy terminates as of the date of the sale of the mortgaged property. *In re Smith*, 85 F.3d 1555, 1560 (11th Cir.1996). The court in *In re Smith* reasoned that "the flexibility of a Chapter 13 plan does not ... extend to debts that have been satisfied through a foreclosure sale" and found it imperative "to strike a balance between

the rights of a debtor under the bankruptcy laws and the legitimate economic interest in encouraging lenders to invest in home mortgages." *Id.*

*Sub judice,* the Property was sold prior to the debtors' filing the instant bankruptcy, and the Clerk of the Circuit Court issued both a Certificate of Sale and a Certificate of Title prior to the debtors' filing of this case. Thus, pursuant to 11 U.S.C. § 1322(c)(1) and the above-mentioned case law, the debtors had no interest in the property when they filed for bankruptcy protection. Accordingly, the debtors could not cure the default and reinstate their mortgage. Notwithstanding the fact that the debtors had no interest in the Property upon the filing of this bankruptcy, and notwithstanding the debtors' inclusion of a provision to cure and reinstate their mortgage in their First Amended Chapter 13 Plan, the Chapter 13 Trustee had no objection to confirmation of the debtors' plan. The Court is at a loss to understand how the Trustee could acquiesce as to confirmation under these circumstances. The debtors clearly did not hold title to the Property as of the petition date, and thus, the plan as proposed is incapable of being confirmed.

Finally, on May 5, 2003, literally hours after the Court conducted this hearing and before the Court issued a ruling on the instant motion and objection, the debtors filed a Motion to Convert Chapter 13 Case to Chapter 7 Case ("Conversion Motion") and a Withdrawal of First Amended Plan ("Withdrawal") and Consent to Bankruptcy Court Granting Bank of America's Motion for Stay Relief ("Consent to Stay Relief"). The Court views the filing of the Conversion Motion, Withdrawal and Consent to Stay Relief to be a desperate attempt to circumvent the Court's rendition of a ruling on the referenced matters. Accordingly, it is

**ORDERED** that

(1) Bank of America's Motion for Relief from the Automatic Stay is **granted**.

(2) Confirmation of the debtors' First Amended Chapter 13 Plan is **denied**.

(3) In accordance with its request incorporated in its Motion for Relief from the Automatic Stay and based upon the proffer of counsel for Bank of America, Bank of America is awarded attorneys' fees of $800.00 and costs of $75.00 which were incurred in the filing of its Motion for Relief from the Automatic Stay.

(4) The debtors' Motion to Convert Chapter 13 Case to Chapter 7 Case and Withdrawal of First Amended Plan and Consent to Bankruptcy Court Granting Bank of America's Motion for Stay Relief are deemed a **nullity**.