**In re Robert & Jeanette MINTER, Debtors.**

**Robert & Jeanette Minter, Plaintiffs,**

**v.**

**Rama Prasad & Janice M. Modiford, Clerk & Master, Defendants.**

**Bankruptcy No. 02–12791.**
**Adversary No. 03–5218.**

United States Bankruptcy Court,
W.D. Tennessee,
Eastern Division.

Sept. 2, 2004.

James I. Pentecost, Jackson, TN, for Creditor.

Michael T. Tabor, Jackson, TN, for Debtor.

MEMORANDUM OPINION AND OR-
DER RE: PLAINTIFF'S COM-
PLAINT TO SET ASIDE CHAN-
CERY COURT CLERK'S DEED

G. Harvey BOSWELL, Bankruptcy Judge.

The Court conducted a trial on the Plaintiff's Complaint To Set Aside Chancery Court Clerk's Deed on July 29, 2004. FED. R. BANKR. P. 7001, et seq. Pursuant to 28 U.S.C. section 157(b)(2), this is a core proceeding. After reviewing the testimony from the hearing and the record as a whole, the Court makes the following findings of facts and conclusions of law. FED. R. BANKR. P. 7052.

## I. FINDINGS OF FACT

This adversary proceeding centers around a pre-petition tax sale of the debtor's residence located at 4530 New Castle Drive in Bolivar, Tennessee. On July 27, 2001, the debtors received a summons for a civil action to recover delinquent Hardeman County property taxes for the year 1999. Seven months later, on February 22, 2002, the Hardeman County Chancery Court issued a Notice of Tax Sale on the New Castle Drive property. The notice stated that if the taxes were not paid within thirty days from receipt of the notice, a default judgment would be entered and the property would be sold to satisfy the judgment. At the time the notice was issued, the debtors owed $322.33 in back taxes. Jeanette Minter signed a Domestic Return Receipt for the notice on February 26, 2002. The debtors did not pay the taxes and the property was sold at a public auction on March 21, 2002. Rama Prasad bought the property at the auction for $1,850.00.[1]

1. On March 28, 2002, the Chancery Court issued an order showing that there was a sales overage of $835.04 when Rama Prasad purchased the property. According to this

On April 5, 2002, a "Master's Report of Tax Sale" was filed with the Court setting forth the details of the March 21st auction. The Hardeman County Chancery Court issued a "Decree Confirming Sale of Lands and Property for Delinquent Taxes" on April 16, 2002. Paragraph 2 of the decree contained the following language:

> 2.) That the title to the above described lots or parcels of real property be, and the same is hereby divested out of the owner or owners, and subsequent purchasers, and vested in the respective purchaser or purchasers shown in said Report of Tax Sale, his or her or their heirs and assigns, in fee simple, and absolutely, subject to the equity of redemption in the lawful owner or owners for a period of one (1) year from the date of this Decree of Confirmation.

The one year redemption period referred to in the decree is in accordance with T.C.A. § 67–5–2702(a).

On June 25, 2002, the debtors filed their chapter 13 petition. The debtors listed their address on the petition as 4530 New Castle Drive. The debtors listed the New Castle Drive property on Schedule A with a current market value of $35,000.00 and a secured claim of $32,000.00. The debtors also listed the house on Schedule C with an exemption of $7,500.00. According to Schedule D, Citifinancial holds the mortgage on the New Castle property. The debtors did not list the Hardeman County tax lien anywhere on their petition or matrix nor did they indicate that the property had been sold at auction.

The debtor's chapter 13 plan was confirmed on October 16, 2002. Citifinancial is being paid through the plan for the ongoing home mortgage and the arrearage on the New Castle Drive property. The ongoing payment being made through the plan is $564.50 per month ongoing and the arrearage payment is $61.00 per month.

Pursuant to T.C.A. § 67–5–2702(a), the debtors' redemption period for the New Castle property expired on April 16, 2003. The Hardeman County Chancery Court issued a Clerk's Deed for the property to Rama Prasad on May 1, 2003. The deed was recorded in the Hardeman County Register's office on May 2, 2003.

On June 24, 2003, the debtors filed this adversary proceeding against Rama Prasad and Janice Modiford, Clerk and Master of Hardeman County. The debtors complaint seeks to have the May 1, 2003 Chancery Court Clerk's deed set aside. As grounds for this complaint, the debtors allege that the issuance of the deed violated the automatic stay and is therefore void. The debtors' motion asks the Court to set aside the public auction conducted on February 22, 2002, and to declare the May 1, 2003, deed void.

## II. CONCLUSIONS OF LAW

In support of their complaint, the debtors cite this Court's previous decision in the case of *In re Johnson*, 213 B.R. 134 (Bankr.W.D.Tenn.1997), *modified*, 215 B.R. 988 (Bankr.W.D.Tenn.1997). In that case, this Court ruled that a pre-petition non-judicial foreclosure sale was not final until a deed had been prepared and consideration had been paid. The *Johnson* ruling is inapplicable to this case. The case at bar deals with a judicial tax sale. Such sales are governed by different statutory requirements. *See*, T.C.A. § 67–5–2501 et seq.

In the stipulations filed with the Court on April 28, 2004, the defendants argue that the cases of *In re Golden*, 190 B.R. 52 (Bankr.W.D.Pa.1995) and *In re Krawczyk*, 201 B.R. 589 (Bankr.N.D.Ga.1996) are con-

order, the overage was refunded to the debtors

trolling. While it is true that both cases involve judicial sales for delinquent taxes, neither case is directly on point. In *Golden*, the court stated that under Pennsylvania law, a purchaser at a tax sale obtains vested equitable ownership of the property at the fall of the auctioneer's hammer. There is no right of redemption after the actual sale. *Golden*, 190 B.R. at 58. As will be explained below, this is not the law in Tennessee; therefore, *Golden* has no applicability to the case at bar. The *Krawczyk* case deals with an IRS tax sale of property for delinquent federal taxes. Such sales are governed by federal law, not state law. As a result, *Krawczyk* also has no applicability to this adversary proceeding.

In order to decide if the May 1, 2003, issuance of the Clerk's deed violated the automatic stay, the Court must determine (1) what the estate's property interest in the New Castle property was at the time the case was filed and (2) whether or not that interest was still in effect at the time the deed was issued. Section 362 of the Bankruptcy Code states that:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

11 U.S.C. § 362(a). Pursuant to subsection (c) of 362, a stay "of an act against property of the estate ... continues until such property is no longer property of the estate." 11 U.S.C. § 362(c)(1). The stay of any other act continues until the case is closed or dismissed, whichever is earlier. 11 U.S.C. § 362(c)(2).

"Property of the estate" is broadly defined by § 541(a) of the Bankruptcy Code to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "The trustee or debtor in

possession succeeds to no greater interest in an asset than that held by the debtor at the time the bankruptcy petition is filed." *Dunlap v. Cash America Pawn of Nashville (In re Dunlap)*, 158 B.R. 724, 727 (M.D.Tenn.1993). To determine the extent of the estate's interest in property, the Court must look to property rights as defined by state law. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

■ It has long been settled in Tennessee that a tax sale is final when the decree of confirmation is issued. *Tennessee Marble & Brick Co. v. Young*, 179 Tenn. 116, 163 S.W.2d 71, 74 (1942); *Marlowe v. Kingdom Hall of Jehovah's Witnesses*, 541 S.W.2d 121 (Tenn.1976). The purchaser at a tax sale acquires vested title to the property subject to the mortgagor's equitable right of redemption. *Tennessee Marble*, 163 at 74. If the redemption period has not expired as of the date of the filing of the petition, the right of redemption becomes property of the estate. Lawrence P. King, Collier on Bankruptcy ¶ 541.05[2] (15th ed. revised 2004). It is only this right of redemption though, and not the property itself which becomes property of the estate. *In re Jones*, 233 B.R. 799, 801 (Bankr.E.D.Mich.1999); *In re Crawley*, 117 B.R. 457, 460 (Bankr. D.Minn.1990); *In re Haynes*, 283 B.R. 147, 155 (Bankr.S.D.N.Y.2002); *Goldberg v. Tynan (In re Tynan)*, 773 F.2d 177, 179 (7th Cir.1985). In the case at bar, the one-year statutory redemption period had not expired at the time the debtors filed their petition. As a result, their right of redemption became property of the estate.

■ Although the debtors' right of redemption became property of the estate on June 25, 2002, that does not mean it remained property of the estate throughout the pendency of the case. The nature of parties' state property interests can change while bankruptcy proceedings are pending because the automatic stay does not toll the running of the redemption period. *Federal Land Bank of Louisville v. Glenn, (In re Glenn)*, 760 F.2d 1428, 1442 (6th Cir.1985).[2] As a result:

> The property owner retains his legal & equitable ownership rights only until expiration of the redemption period, at which time he loses 'all interest in the property' and 'can do nothing to prevent the issuance of a deed to the tax purchaser.' If the property owner does not redeem the taxes within the statutory period, . . ., his interest in the property is extinguished. The tax purchaser may then obtain a deed on the property. Thus, an automatic stay does not prevent the tax purchaser from acquiring equitable or legal title to the property once the redemption period runs, even if bankruptcy proceedings are still in progress.

*S.I. Securities v. Dabal*, 2003 WL 21785625 *2 (N.D.Ill.2003) (citations omitted).

■ In the case at bar, the debtor's redemption period under T.C.A. § 67–5–2702(a) expired on April 16, 2003. When that occurred, the debtor's interest in the New Castle property was extinguished and the right of redemption ceased being property of the estate. Consequently, when the Clerk's deed was issued on May 1, 2003, the automatic stay was not violated.

---

**2.** Section 108 of the Bankruptcy Code will give a debtor an additional sixty days from the date of filing the petition within which to redeem property; however, this extension of time only applies if the state redemption period were to expire prior to the sixty day time period. In the case at bar, the state redemption period did not expire until April 16, 2003, almost ten months after the chapter 13 petition was filed. As a result, § 108 has no applicability.

The registering of the deed on May 2, 2003, also did not violate the automatic stay. The Court finds that the debtors' complaint should be denied.

### III. ORDER

It is therefore **ORDERED** that the debtor's Complaint to Set Aside the Chancery Court Clerk's Deed is **DENIED**.