## In re Robert Lynn McCREERY, Debtor(s).

### Bankruptcy No. 87–00245.

United States Bankruptcy Court, N.D. Ohio, W.D.

March 27, 1987.

John D. Garand, Oregon, Ohio, for Gary F. Kuns.

Matthew J. Rohrbacher, Toledo, Ohio, for James Galvin.

Michael D. Errington, Toledo, Ohio, for Bernadine McCreery.

Robert Lynn McCreery, Monclova, Ohio, Debtor.

Gary Howe, Toledo, Ohio, for debtor.

Anthony B. DiSalle, Toledo, Ohio, Trustee.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Debtor's Motion Requesting Approval of a Five Year Chapter 13 Plan. A Hearing was held on this matter, at which time the Court continued the Hearing for ten days to allow the parties to file written arguments with the Court. The Debtor, various Creditors, and the Trustee, have filed Briefs respecting the merits of the Motion. The Court has reviewed the written arguments of counsel, as well as the entire record in this case. Based on that review,

and for the following reasons, the Court finds that the Motion Requesting Approval of a Five Year Chapter 13 Plan should be Denied.

## FACTS

The facts necessary for this decision do not appear to be in serious dispute. The Debtor's residence is the subject of several notes, mortgages, and liens. As a result of Debtor's default on payment of several notes secured by mortgages on the Debtor's residence, a foreclosure proceeding was instituted in the Common Pleas Court of Lucas County, Ohio.

At the initial foreclosure sale, the Debtor, or the Debtor's wife, bid on the property. The bid was accepted, but the purchaser defaulted on payment of the property and, consequently, the sale was not confirmed. As a result, a second foreclosure sale was scheduled to take place on February 10, 1987. This sale did, in fact, go forward. However, on February 6, 1987, the Debtor filed for relief under 11 U.S.C. Chapter 13. The Lucas County Sheriff's Department, the entity conducting the foreclosure sale, did not receive notice until after the sale. At the second sale, a successful bid was received, but the sheriff's sale has not yet been confirmed.

On March 4, 1987, the Debtor filed his Chapter 13 plan pursuant to 11 U.S.C. § 1321. Debtor's plan proposed, among other provisions, the curing of the default on the mortgage obligations by monthly payments made through the plan. The plan would run for a period of sixty (60) months. The mortgage obligations which the Debtor proposes to cure had matured prior to the Debtor's filing of his Chapter 13 plan.

## LAW

■ Counsel's arguments on this matter are primarily directed to whether the "cure" proposed in the Debtor's plan would be permissible under 11 U.S.C. § 1322(b). However, the Court must take judicial notice of controlling case law which moots the consideration of the "curing" of demand notes which have come due without acceleration.

■ The property in question was sold, in the first instance, at a sheriff's sale after foreclosure proceedings. The Sixth Circuit Court of Appeals has considered the question of the cut-off date of the statutory right to cure defaults on real property that is the debtor's principal residence. *See In re Glenn*, 760 F.2d 1428 (6th Cir. 1985), *cert. den.*, —— U.S. ——, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985). The Court of Appeals has ruled that the sale of the mortgaged premises ends the right to cure default:

> The event we choose as the cut-off date of the statutory right to cure defaults is the sale of the mortgaged premises. We pick this in preference to a number of other potential points in the progress of events ranging from the date of first default to the day the redemption period expires following sale.

*In re Glenn*, at 1435.

Consequently, in the present case, although the sale of the property was not confirmed, the right to cure default was nevertheless extinguished. In *In re Thomas*, 59 B.R. 758 (Bankr.N.D. Ohio 1986), the Court addressed the issue presented here, "Whether a pre-petition, unconfirmed foreclosure sale bars a debtor's right to cure defaults on his residential mortgage in view of 11 U.S.C. 1322? *Thomas*, at 760. After an examination of the policies underlying the *Glenn* decision, the Court concluded that an unconfirmed foreclosure sale ended the right to cure under § 1322.

Clearly, under the *Glenn* decision, *Thomas* is correct. The Sixth Circuit Court of Appeals chose the point of the sale as the cut-off date, not the confirmation of sale. There are four states in the Sixth Circuit, each with their own foreclosure procedure. The Court of Appeals picked the term "sale" advisedly. As is stated in *Glenn*:

> The sale of the mortgaged property is an event that all forms of foreclosure, however denominated, seem to have in common. Whether foreclosure is by judicial proceeding or by advertisement, and regardless of when original acceleration is

deemed to have occurred, the date of sale is a measurable, identifiable event of importance in the relationship of the parties. It is at the heart of realization of the security ...

The foreclosure sale normally comes only after considerable notice giving the debtor opportunity to take action by seeking alternative financing or by negotiating to cure the default or by taking advantage of the benefits of Chapter 13. Therefore, setting the date of sale as the cut-off point avoids most of what some courts have described as the "unseemly race to the courthouse." Concededly no scheme can avoid that possibility altogether, but the time and notice requirements incident to most sales at least provide breathing room and should deter precipitate action that might be expected if the cut-off date were measured by the fact of notice of acceleration or the fact of filing suit. ...

In so ruling we avoid any effort to analyze the transaction in terms of state property law. Modern practice varies so much from state to state that any effort to satisfy the existing concepts in one state may only create confusion in the next. Thus, in construing this federal statute, we think it unnecessary to justify our construction by holding that the sale "extinguishes" or "satisfies" the mortgage or the lien, or that the mortgage is somehow "merged" in the judgment or in the deed of sale under state law.

*In re Glenn,* 760 F.2d at 1435–1436.

In other words, the Court of Appeals seems to be going out of its way to say: "sale" means "sale", regardless of the different state law provisions. Therefore, the Debtor in the present case does not have the right to cure under § 1322 because the property was sold at the first sheriff's sale. Further, *Glenn* applies even more forcefully under the facts in this case, where it was the machinations of the Debtor which prevented the confirmation of the sale.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Debtor's Motion Requesting Approval of a Five Year Chapter 13 Plan be, and is hereby, DENIED.