**Joseph FERRELL and Lisa Ferrell, Plaintiffs/Appellees,**

v.

**SOUTHERN FINANCIAL, Defendant/Appellant.**

No. 94–2331–G.

United States District Court,
W.D. Tennessee,
Western Division.

Sept. 16, 1994.

Stanley H. Less, Memphis, TN, for plaintiffs/appellees Joseph and Lisa Ferrell.

Roger A. Stone, Memphis, TN, for defendant/appellant Southern Financial.

**ORDER REVERSING DECISION OF THE BANKRUPTCY COURT**

GIBBONS, Chief Judge.

Before the court is the appeal of Southern Financial from the order of the United States Bankruptcy Court setting aside a foreclosure obtained against Joseph and Lisa Ferrell. For the following reasons, the decision of the bankruptcy court is reversed.

Southern Financial appeals the bankruptcy court's March 24, 1994, order setting aside the foreclosure on John and Lisa Ferrell's home. The facts in this case are undisputed. The property at issue was subject to a foreclosure sale on December 10, 1993. Southern Financial was the highest bidder at the public auction at 12:00 noon on December 10, 1993. At approximately 4:32 p.m. on December 10, 1993, the Ferrells filed a petition for a Chapter 13 bankruptcy. Southern Financial recorded its deed on December 13, 1993. On February 16, 1994, the Ferrells petitioned the bankruptcy court to set aside the foreclosure and allow them to include the mortgage in the bankruptcy estate and in a plan to cure the default.

The sole question before the bankruptcy court and on appeal is whether the fore-

closure sale was final so as to prevent the debtors from curing a default under 11 U.S.C. § 1322(b)(5).

The bankruptcy court set aside the foreclosure on the basis that the sale was not consummated at the acceptance of the bid at 12:00 noon on December 10, 1993. Rather, the court found that "under Tennessee law, upon the indenture trustee's execution of the deed (or similar memorandum required by the Tennessee statute of frauds) and payment of consideration, a non-judicial foreclosure sale becomes final and terminates a debtor's right to subsequently cure defaults under 11 U.S.C. s. 1322(b)(5)." The court found that this rule was consistent with the principles of *In re Glenn*, 760 F.2d 1428 (6th Cir.1985), and under Tennessee law.[1]

■ A district court has jurisdiction to "hear appeals from final judgment, orders, and decrees ... of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under Section 157 [Title 28 of the United States Code]." 28 U.S.C. § 158(a). This court reviews the orders of the bankruptcy court under different standards. The bankruptcy court's findings of fact are reviewed under the clearly erroneous standard and its conclusions of law are reviewed *de novo*. *In re Caldwell*, 851 F.2d 852, 857 (6th Cir.1988).

■ The bankruptcy court found that the opinion in *In re Glenn*, 760 F.2d 1428 (6th Cir.1985), was not helpful to the determination of when a foreclosure sale is consummated for the purposes of cutting off the debtor's right to cure. This court disagrees. The language in *Glenn* and other courts interpreting *Glenn* have found that the Sixth Circuit indicated the point at which to conclude that a foreclosure sale had occurred. In *In re Glenn, supra*, the court chose the cut-off date as the time at which the foreclosure sale occurred. In so finding the court substantiated its position, in part, with the following reasons:

(b) The sale of the mortgaged property is an event that all forms of foreclosure, however, denominated, seem to have in com-

mon. Whether the foreclosure is by judicial proceeding or by advertisement, and regardless of when original acceleration is deemed to have occurred, the date of sale is a measurable, identifiable event of importance in the relationship of the parties. It is at the heart of realization of the security.

. . . .

(d) The foreclosure sale normally comes only after considerable notice giving the debtor opportunity to take action by seeking alternative financing or negotiating to cure the default or by taking advantage of the benefits of Chapter 13. Therefore, setting the date of the sale as the cut-off point avoids most of what some courts have described as the "unseemly race to the courthouse." Concededly no scheme can avoid that possibility altogether, but the time and notice requirements incident to most sales at least provide breathing room and should deter precipitate action that might be expected if the cut-off date were measured by the fact of notice of acceleration or the fact of filing suit.

*Glenn* at 1435–36. The court described the date of the sale as a measurable and identifiable event and as a date of which the debtor is notified prior to its occurrence. The opinion is much more consistent with a finding that the cut-off point is the date of the sale rather than a finding that the cut-off point is the date on which deeds or documents are executed confirming or reflecting the sale.

Other courts that have interpreted *Glenn, supra*, have found that the date of the sale is not the date of the delivery of the deed or confirmation of the sale. In the case of *In re Pearson*, 75 B.R. 254, 255–56 (Bkrtcy. N.D.Ga.1985), the plaintiff filed a motion to reconsider contending that a debtor's ability to cure should not "terminate until the foreclosure sale is completed by delivery of a deed under power of sale." The court rejected this argument based on Georgia law and *In re Glenn*. The court found that both Georgia law and *In re Glenn* supported the position that "the relevant date is the date on which the foreclosure sale occurs rather than the date on which 'the deed of sale under state law' is delivered." *Id.* at 256.

---

1. The bankruptcy court noted that "Tennessee courts have not expressly determined the exact point at which a non-judicial foreclosure sale becomes final and consummated."

Similarly, in *In re McCreery*, 72 B.R. 275 (Bkrtcy.N.D.Ohio 1987), the court found that where a debtor filed for bankruptcy after an unconfirmed foreclosure sale, but before the second foreclosure sale, the debtor lost his ability to cure the default on the mortgage under 11 U.S.C. § 1322(b). The court relied on *In re Glenn*, and found that

> the Court of Appeals seems to be going out of its way to say: "sale" means "sale", regardless of the different state law provisions. Therefore, the Debtor in the present case does not have a right to sue under § 1322 because the property was sold at the first sheriff's sale. Further, *Glenn* applies even more forcefully under the facts in this case, where it was the machinations of the Debtor which prevented the confirmation of the sale.

*McCreery* at 277.

Although these other cases relied in part on state law, Tennessee law provides no express statute or opinion that demands the conclusion that the date of the recording of the deed or the date of a memorandum memorializing the sale is the proper effective date ending a debtor's ability to cure the mortgage default under § 1322(b).

The bankruptcy court relied on cases finding that a bid at a foreclosure sale merely forms a contract and does not consummate a sale and on the purposes of Congress in allowing Chapter 13 debtors to retain their homes. This court, however, finds that the principles and rationale for the decision in *In re Glenn, supra,* provide strong support for finding that the deadline for cure is determined by the date and time of the auction and not by a subsequent memorialization of that transaction.

The court finds that the proper construction of *In re Glenn* is that the cut-off date is the date of the foreclosure sale. Accordingly, the decision of the bankruptcy court is reversed and this case is remanded for proceedings consistent with this order.

IT IS SO ORDERED.