**In re Ronnie JOHNSON, Debtor.**

**Bankruptcy No. 97–12273.**

United States Bankruptcy Court,
W.D. Tennessee,
Eastern Division.

Sept. 25, 1997.

John Van Den Bosch, Jackson, TN, for Debtor.

Joe M. Kirsch, Johnna I. Duke, Memphis, TN, for Fleet Mortgage Group, Inc.

**MEMORANDUM OPINION AND ORDER RE MOTION FOR RELIEF FROM STAY AND TO CONFIRM FORE-CLOSURE AS TO FLEET MORT-GAGE GROUP, INC.**

G. HARVEY BOSWELL, Bankruptcy Judge.

The day before the debtor filed his chapter 13 petition, the creditor in this case, Fleet Mortgage Group, Inc., conducted a foreclosure sale of the debtor's property. Although the actual sale itself had been completed at the time of filing, the automatic stay provisions of the Bankruptcy Code prohibited Fleet Mortgage from taking any further action regarding the foreclosure after the debtor filed his petition. As a result of such delay, Fleet Mortgage filed a motion seeking both relief from the automatic stay and confirmation of the foreclosure.

The Court conducted a hearing on this motion on September 4, 1997, pursuant to Fed.R.Bankr.P. 9014. According to 28 U.S.C. § 157(b)(2), this is a core proceeding. The parties stipulated to the facts as set forth herein. After reviewing the testimony from the hearing and the record as a whole, the Court makes the following findings of facts and conclusions of law. Fed. R.Bankr.P. 7052.

## I. FINDINGS OF FACT

On March 7, 1991, the debtor Ronnie Johnson ("Johnson") executed a promissory note in favor of Fleet Mortgage Group, Inc. ("Fleet"), for $37,679.00. Such note was secured by a recorded deed of trust on property located at 333 Love Road in Bells, TN. In May of 1996, Johnson began to default on his monthly payments on this note. By June of 1997, the past-due arrearage on the note had accumulated to $7,000.00. Fleet conducted a nonjudicial foreclosure sale on June 23, 1997, as a result of said delinquency. At such sale, Fleet purchased the property for $42,800.87.

On June 24, 1997, one day after the foreclosure sale was held, the debtor filed a chapter 13 bankruptcy petition. At that time, no trustee's deed for the Love Road property had been prepared, recorded or transferred. Similarly, no consideration had been exchanged. Fleet filed a Detainer Warrant in Crockett County General Sessions Court on July 1, 1997. Approximately twenty days later, on July 22, 1997, Fleet filed a motion in this Court seeking confirmation of the foreclosure and relief from the automatic stay so that it could proceed in state court on the Detainer Warrant.

## II. CONCLUSIONS OF LAW

The issue for this Court to decide is whether or not the foreclosure on the debtor's property was complete at the time Johnson filed his chapter 13 petition. If it was, Fleet is entitled to relief from the automatic stay and to have the foreclosure confirmed because the real property was not property of the estate on the date of filing. If, on the other hand, the sale was not final at the time the debtor filed his petition, the real property is property of the estate and Fleet must

carry its burden of proving the facts necessary to establish that it is entitled to relief from the automatic stay.

"Property of the estate" is broadly defined by § 541(a) of the Bankruptcy Code to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), the Supreme Court held:

> Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving a "windfall merely by reason of the happenstance of bankruptcy." *Lewis v. Manufacturers Nat'l, Bank*, 364 U.S. 603, 609, 81 S.Ct. 347, 350, 5 L.Ed.2d 323 (1961).

*Butner*, 440 U.S. at 55, 99 S.Ct. at 918. Based on this holding, the determination of whether or not a property interest was created on June 23, 1997, and thus whether or not the debtor's property was property of the estate at the time of filing, is wholly dependent upon Tennessee state law.

■ In Tennessee, a non-judicial foreclosure sale is not final until at least two events occur. First, pursuant to T.C.A. § 29–2–101, the statute of frauds must be satisfied. In the case of *Black v. Black*, 185 Tenn. 23, 202 S.W.2d 659 (1947), the Tennessee Supreme Court held that the fall of the auctioneer's hammer is not alone sufficient to satisfy the statute of frauds requirement. There must also be some writing which evidences "an existing and binding contract" in order for the statute to be satisfied. *Id.* at 662. Should the parties choose to rely on a deed to meet the statute of frauds writing requirement, such deed must be executed before the statute may be deemed satisfied. *Id.*

■ The second event which must occur before a foreclosure sale is final is the exchange of consideration. *Jameson v. Kimbrough*, 209 Tenn. 519, 354 S.W.2d 458 (1962). In establishing this exchange as a pre-requisite to finality, the *Jameson* court stated:

> The highest bidder acquires no title to the thing purchased but by payment of the purchase money, and, if he fails to do this within a reasonable time, a resale may lawfully be made.

*Id.,* 354 S.W.2d at 462. It is clear under this authority that a foreclosure sale may not be deemed complete or final in Tennessee until the purchaser remits the purchase price to the seller.

In a case similar to the one at bar, *Ferrell v. Southern Financial, Inc., (In re Ferrell)*, 175 B.R. 222 (Bankr.W.D.Tenn.1994), Bankruptcy Judge David S. Kennedy had the task of defining at what point a foreclosure sale is final under Tennessee law. The debtors in *Ferrell* had sought to cure a pre-petition default on their home mortgage and include the monthly mortgage payments in their chapter 13 plan pursuant to 11 U.S.C. § 1322. What complicated the situation for the *Ferrell* debtors, however, was that the home mortgage holder had conducted a foreclosure auction of the property approximately four hours before the debtors filed their chapter 13 petition. *Id.* at 224. Although the actual auction itself had been completed, no trustee's deed had been prepared nor had any consideration been exchanged prior to the filing of the bankruptcy.

After conducting a thorough discussion of Tennessee caselaw, Judge Kennedy held that both the statute of frauds must be satisfied and consideration must be exchanged before a foreclosure sale may be deemed complete in Tennessee. *Id.* at 227. In so ruling, Judge Kennedy acknowledged the mandate handed down by the Sixth Circuit in the case of *In re Glenn*, 760 F.2d 1428 (6th Cir.1984) (which held that "once property had been sold, the right to cure the default and reinstate the terms of the mortgage under § 1322(b) ceases," *Id.* at 1442), but concluded that:

The Glenn decision, it appears, actually provides little guidance in the instant proceeding because here the gravamen of the concern centers around what constitutes "the [foreclosure] sale." Once it is determined when the foreclosure sale is final and consummated, if at all, then *Glenn* dictates the result.

*Ferrell,* 175 B.R. at 225. Because the statute of frauds had not been satisfied and consideration had not been exchanged, Judge Kennedy found that the sale had not been completed on the date of filing and allowed the *Ferrell* debtors to set aside the foreclosure and cure their pre-petition default.

Dissatisfied with the conclusions reached by Judge Kennedy in the bankruptcy court, the *Ferrell* creditors appealed this decision to the district court. *Ferrell v. Southern Financial (In Re Ferrell),* 179 B.R. 530 (W.D.Tenn.1994). Chief Judge Gibbons reversed Judge Kennedy on this appeal and held that:

Tennessee law provides no express statute or opinion that demands the conclusion that the date of the recording of the deed or the date of a memorandum memorializing the sale is the proper effective date ending a debtor's ability to cure the mortgage default under § 1322(b).

*Id.* at 532. In so ruling, Judge Gibbons held that *Glenn* did indeed dictate the point at which a foreclosure sale is final and that date was the date of the actual sale. *Ferrell,* 179 B.R. at 532. Judge Gibbons found, therefore, that the debtors in *Ferrell* did not have the right to cure their default under § 1322(b) and remanded the case for proceedings consistent with the district court ruling. *Id.*

Judge Gibbons' decision in the *Ferrell* case has been criticized as contradicting not only Tennessee caselaw, but U.S. Supreme Court caselaw and the congressional policy underlying the Bankruptcy Code as well. *See* Andrew Bernstein, *Tennessee Homeowners' Post Foreclosure Auction Right to Cure Under 11 U.S.C. § 1322(b) and (c),* 27 University of Memphis Law Review 453 (Winter 1997). The U.S. Supreme Court has held that in determining what property falls within § 541 "property of the estate," a court must look to state law to see if a property interest had been created. As a result of this holding, Tennessee law necessarily controls what property falls within § 541 and what property falls outside of § 541 in the bankruptcy setting. For the last 175 years, Tennessee has consistently required the exchange of consideration and the satisfaction of the statute of frauds before a foreclosure sale is deemed final. If either of these two conditions remains incomplete on the date of a bankruptcy filing, the debtor retains an interest in the subject property which comes into the estate via § 541 and is protected by the automatic stay provisions of the Bankruptcy Code. Judge Gibbons' decision holding otherwise clearly ignores these mandates and results in a situation which is not justified by any law, federal or state. Under the holding by Judge Gibbons, the purchaser at a foreclosure sale would become the owner even if consideration was never paid. If such a situation arose, a foreclosing creditor would have no way to conduct a resale of the property since the debtor would no longer own the property. Such a result is clearly contrary to Tennessee law.

■ In the case at bar, no deed was executed or delivered, nor was any consideration paid. As a result, the foreclosure sale held on June 23, 1997, was not final at the time Johnson filed his chapter 13 bankruptcy petition on June 24, 1997. Johnson's interest in this property, therefore, came within the § 541 property of the estate and is protected by the automatic stay.

Because the property is property of the estate under § 541, Fleet's only option with regards to obtaining relief from the automatic stay is found in 11 U.S.C. § 362(d)(2). This section allows a bankruptcy court to grant a creditor relief from the stay for an act against property if:

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d)(2)(A), (B). Fleet has offered no evidence that satisfies these statutory requirements. For this reason, Fleet's

motion for relief from the stay and to confirm the foreclosure must be denied.

### *ORDER*

It is therefore **ORDERED** that Fleet Mortgage Group's motion for relief from the stay and to confirm foreclosure is DENIED.

**IT IS SO ORDERED.**