**In re Ronnie JOHNSON, Debtor.**

**Bankruptcy No. 97–12273.**

United States Bankruptcy Court,
W.D. Tennessee,
Eastern Division.

Nov. 25, 1997.

John. Van Den Bosch, Jackson, TN, for Debtor.

Joe M. Kirsch, Johnna I. Duke, Memphis, TN, for Fleet Mortgage Group, Inc.

William Guy, Jackson, TN, Chapter 13 Trustee.

## MEMORANDUM OPINION AND ORDER RE MOTION TO REHEAR AND/OR RECONSIDER ORDER DENYING FLEET MORTGAGE CORPORATION'S MOTION RELIEF FROM STAY AND CONFIRMATION OF SALE

G. HARVEY BOSWELL, Bankruptcy Judge.

On September 25, 1997, this Court issued a Memorandum Opinion and Order denying Fleet Mortgage Corporation's Motion for Re-

lief from the Automatic Stay and to Confirm Foreclosure. This denial was based on a finding that the June 23, 1997, foreclosure sale held on the debtor's property was not final at the time the debtor filed his chapter 13 bankruptcy petition. Fleet Mortgage subsequently filed a Motion to Rehear and/or Reconsider the September 25th opinion and order on October 15, 1997. This Court conducted a hearing on this matter on November 6, 1997. FED.R.BANKR.P. 9014. Pursuant to 28 U.S.C. § 152(b)(2), this is a core proceeding. After reviewing the testimony from the hearing and the record as a whole, this Court makes the following findings of facts and conclusions of law. FED. R.BANKR.P. 7052.

■ In the Memorandum Opinion and Order denying Fleet Mortgage's Motion for Relief from the Automatic Stay and to Confirm Foreclosure, this Court concluded that, under Tennessee law, there are two prerequisites for finalizing a non-judicial foreclosure sale: (1) satisfaction of the statute of frauds; and, (2) exchange of consideration. The opinion and order issued today by this Court in no way changes that conclusion. The Court still stands firmly by its interpretation that Tennessee statutory and case law require satisfaction of both of these conditions before a non-judicial foreclosure sale may be deemed final. What causes this Court to grant Fleet Mortgage's Motion to Rehear/Reconsider today is the recent presentation of evidence that the two prerequisites had indeed been satisfied before Johnson filed his chapter 13 petition on June 24, 1997.

At the time of issuing the previous opinion and order denying Fleet Mortgage's Motion to Confirm the Foreclosure, Fleet Mortgage had offered no proof to this Court that showed that any kind of deed had been prepared or that consideration had been paid prior to the filing of Johnson's chapter 13 petition. At the hearing on this Motion to Reconsider, however, Fleet Mortgage introduced evidence that both the statute of frauds had been satisfied and consideration had been exchanged on the date of sale, June 23, 1997.

The first proof offered by Fleet Mortgage was the affidavit of Substitute Trustee, Joe M. Kirsch, which stated that the bid Fleet Mortgage made at the foreclosure sale on Johnson's property was a credit bid against its debt. Kirsch's affidavit further stated that this type of bid is customary in the realm of foreclosure sales in which the mortgagee bids on the property being sold. As a result of these facts, it is clear to this Court that consideration had indeed been exchanged on the date of the sale, June 23, 1997.

The second piece of evidence Fleet Mortgage presented to this Court was a Substitute Trustee's Deed prepared by Joe Kirsch. This Substitute Trustee's Deed was offered as evidence that the statute of frauds prerequisite had been satisfied by the time Johnson filed his chapter 13 petition on June 24, 1997. According to the dates on the document, the trustee's deed was prepared and notarized on June 23, 1997, the date of the sale. Although this trustee's deed was not recorded, this Court finds that the mere preparation satisfies the statute of frauds. As a result of this finding, the second prerequisite to declaring the sale final has been satisfied by Fleet Mortgage.

As a result of the new facts and evidence Fleet Mortgage brought to the Court's attention at the November 6, 1997, hearing on this matter, this Court grants Fleet Mortgage's Motion to Rehear and/or Reconsider the Memorandum Opinion and Order Denying Fleet Mortgage's Motion for Relief from the Stay and Confirmation of Sale. In addition to granting the current motion, the Court further holds that the foreclosure sale conducted on June 23, 1997, in which Fleet Mortgage purchased Johnson's property, was final on that date. As a result, the property purchased by Fleet did not come with Johnson into his chapter 13 case and become part of his bankruptcy estate. Although today's conclusion alters the Court's previous decision, this Court stresses that it is in no way changing its prior conclusions as to what Tennessee law requires before a non-judicial foreclosure sale may be deemed final. This Court confidently stands by that interpretation of the law. It is only the existence of new facts and evidence which have convinced this Court to change its mind as to the finality of the sale.

### *ORDER*

It is therefore **ORDERED** that Fleet Mortgage Corporation's Motion to Rehear and/or Reconsider Order Denying Fleet Mortgage's Motion for Relief from Stay and Confirmation of Sale is **GRANTED**.

It is **FURTHER ORDERED** that the foreclosure sale conducted by Fleet Mortgage on June 23, 1997, is **CONFIRMED. IT IS SO ORDERED.**