**In re Ricky BLAND, Debtor.**

**Bankruptcy No. 99–30871–K.**

United States Bankruptcy Court,
W.D. Tennessee,
Western Division.

Aug. 22, 2000.

C. Anne Tipton, Memphis, TN, for debtor.

Bruce L. Feldbaum, Memphis, TN, for G & M Investments, Inc.

George W. Emerson, Jr., Memphis, TN, Chapter 13 Trustee.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR RETROACTIVE RELIEF FROM AUTOMATIC STAY

WILLIAM HOUSTON BROWN, Bankruptcy Judge.

Before the Court is a contested motion for relief from the automatic stay filed by G & M Investments, third-party purchaser of the Debtor's residential property sold in foreclosure on March 22, 2000. Upon consideration of the testimony of Mr. Hans Guenther, owner of G & M Investments, and Mr. Bland ("the Debtor"), the statements of counsel, the exhibits, relevant case law, and the entire record in this proceeding, the Court determines that the foreclosure sale was final at the time the Debtor's case was reopened. As a result, the Debtor's right to cure his mortgage default and to reinstate the terms of his mortgage under 11 U.S.C. § 1322(c)(1) was extinguished by the foreclosure sale. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) as a matter concerning the administration of the estate; § 157(b)(2)(G) as a motion to terminate, annul, or modify the automatic stay; and § 157(b)(2)(O) as a proceeding affecting the liquidation of assets of the estate. The following constitutes the Court's findings of fact and conclusions of law pursuant to FED.R.BANKR.P. 7052.

## ISSUE

This issue presented in this contested matter is whether the substitute trustee's foreclosure sale of the Debtor's property was final at the time the Debtor's chapter 13 bankruptcy case was reopened, thereby extinguishing the Debtor's right to cure the default in mortgage payments pursuant to 11 U.S.C. § 1322(c)(1).

## FACTUAL SUMMARY

The facts of this case are undisputed. The Debtor was the owner of real property located at 3427 Coleman Avenue, Memphis, Tennessee, and Robert M. Wilson, Jr. was the successor trustee under a deed of trust evidencing Associates Home Equity Service's first lien on the property. The Debtor filed his original chapter 13 petition on September 8, 1999, and the bankruptcy case was dismissed on December 17, 1999 for failure to make the payments required under the Debtor's proposed chapter 13 plan. The case was closed by the Clerk on January 10, 2000.

The Debtor filed a motion to permit reinstatement of his chapter 13 case on February 3, 2000, and a copy of the motion and the notice of hearing was mailed by the Debtor's attorney to "all interested parties" on February 9, 2000. Associates Home Equity advertised its foreclosure sale and allegedly sent notice to the Debtor of its intent to foreclose, although the Debtor testified that the foreclosure notice was never received. The first setting of the Debtor's motion to reinstate was scheduled for March 2, 2000, but the hearing date was continued to March 23, 2000 at the request of the Debtor's counsel because the Debtor had insufficient funds to cure the pre-confirmation plan arrearage.

The foreclosure sale was scheduled for March 22, 2000, and was in fact conducted on that date. G & M Investments, by and through its owner Mr. Guenther, was the successful purchaser at the foreclosure sale upon its bid of $28,001.00, which was $1.00 more than the mortgagee's opening bid. As required by the substitute trustee,

Mr. Guenther delivered a certified check for the amount of the purchase price to Mr. Wilson's office on the day of the foreclosure sale. The check was received by Mr. Wilson's authorized agent, Ms. Barbara Brown. In Mr. Guenther's presence, Ms. Brown noted the receipt on Mr. Guenther's copy of the certified check, writing "3/22/00 Receipt from [/s/] Barbara A. Brown." There were no other notations made on the check. The substitute trustee's deed into G & M Investments was executed and notarized on March 23, 2000.

On March 23, in a preliminary, nonjudicial hearing on the Debtor's motion to reinstate his bankruptcy case, the chapter 13 trustee orally agreed to reopen the Debtor's case. The written order reopening the Debtor's case, however, was not signed by the Judge until March 27 and was not entered on the Court's docket until March 28, 2000. The trustee's deed into G & M Investments was filed and recorded in the office of the Shelby County Register of Deeds on March 29, 2000.

## DISCUSSION

■ Bankruptcy Code § 1322(c)(1) provides, in part, "a default with respect to ... to a lien on the debtor's principal residence may be cured ... until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law...." Therefore, "[o]nce the property has been sold, the right to cure the default and reinstate the terms of the mortgage under section 1322(b) ceases." *Federal Land Bank of Louisville v. Glenn (In re Glenn)*, 760 F.2d 1428, 1442 (6th Cir.1985). The facts in this case present an issue as to when the foreclosure sale of the Debtor's property became final for purposes of the Debtor's right to cure his mortgage default and to reinstate the terms of the mortgage pursuant to § 1322(c)(1). If the foreclosure sale became final prior to the reopening of the Debtor's case, the Debtor has been divested of his interest in the property and his right to cure the mortgage

default has been extinguished. If, however, the foreclosure sale was not yet final prior to the reopening of the Debtor's bankruptcy case, the Debtor's right to cure the mortgage default under § 1322(c)(1) would not have expired and the reinstatement of the automatic stay would render the foreclosure sale voidable.

■ This Court has previously determined that a debtor's motion to reinstate or reopen a chapter 13 bankruptcy case is not effectively granted until entry of the order granting the motion. *Johnson v. Countrywide Home Loans (In re Johnson),* No. 98–24882, Adv. No. 99–0065, 1999 WL 528653 (Bankr.W.D.Tenn. July 16, 1999). This Debtor's motion to reinstate his bankruptcy case was not granted and the case was not reinstated nor reopened until entry of the Court's order on March 28, 2000—six days after the foreclosure sale took place. There was, therefore, no automatic stay in effect until the entry of an order.

■ This Court is persuaded that a foreclosure sale is not final in Tennessee until the statute of frauds is satisfied pursuant to TENN.CODE ANN. § 29–2–101(a)(4) and consideration has been exchanged. *See Ferrell v. Southern Fin., Inc. (In re Ferrell),* 175 B.R. 222, 226–227 (Bankr. W.D.Tenn.1994), *rev'd* 179 B.R. 530 (W.D.Tenn.1994); *In re Johnson,* 213 B.R. 134 (Bankr.W.D.Tenn.), *modified after reh'g,* 215 B.R. 988 (Bankr.W.D.Tenn. 1997); and *In re Williams,* 247 B.R. 449 (Bankr.E.D.Tenn.2000).

■ Mr. Guenther's tender of the cashier's check in the amount of the purchase price on the day of the sale meets the "exchange of consideration" requirement. As to whether the Tennessee statute of frauds was satisfied prior to the reopening of the Debtor's bankruptcy case, the applicable statute provides, in pertinent part:

No action shall be brought ... [u]pon any contract for the sale of lands, tenements, or hereditaments ... unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person lawfully authorized by such party.

TENN.CODE ANN. § 29–2–101(a)(4). It is well established in Tennessee that in order to satisfy the statute of frauds, the written memorandum "must contain the essential terms of the contract expressed with such certainty that they may be understood from the memorandum itself or some other writing to which it refers or with which it is connected without resort to parol evidence." *Johnson v. Haynes,* 532 S.W.2d 561, 565 (Tenn.Ct.App.1975) (citing *Lambert v. Home Fed. Sav. & Loan Assn.,* 481 S.W.2d 770 (Tenn.1972)). In the case of transfers of real estate, the writing at issue must disclose with reasonable certainty the identity of the estate to be transferred. *Walker v. Elam (In re Fowler),* 201 B.R. 771 (Bankr.E.D.Tenn.1996). *See also Schultz v. Anderson,* 177 Tenn. 533, 151 S.W.2d 1068, 1071 (1941) (statute of frauds satisfied if "the contract can be plainly made out in its terms, including the description of the property, from the writings of the party ... to be charged"). The substitute trustee's deed, signed by the "party to be charged," (i.e., the substitute trustee as seller), conveying the property to G & M Investments satisfies the statute of frauds. The deed, which was admitted into evidence at the hearing of this proceeding, was executed and notarized on March 23, 2000—five days prior to the reopening of the Debtor's bankruptcy case. The recording of the deed was not necessary for the finalization of the foreclosure sale. *In re Williams,* 247 B.R. at 452 (citing *In re Johnson,* 215 B.R. at 990) (mere execution of the deed, without recording, satisfies the statute of frauds). The Court therefore concludes that the foreclosure sale was final prior to the reopening of the Debtor's bankruptcy case on March 28, 2000, thereby extinguishing the Debtor's right to cure the mortgage

default and to reinstate the terms of the mortgage.

In some instances courts have considered a combination of relevant writings to determine if the statute of frauds has been satisfied. *See Johnson v. Haynes*, 532 S.W.2d at 565 (statute is satisfied by a group of writings as well as a single writing). Although the Court determines that the substitute trustee's deed alone satisfies the statute of frauds in this case, G & M Investments also presented its receipt for payment signed by Ms. Brown, the authorized agent of the substitute trustee. Considering the signed receipt in combination with the substitute trustee's deed, the Court's conclusion is underscored: These documents contain sufficient evidence of the terms of the transfer without resort to parol evidence so as to satisfy the statute of frauds.

The Court acknowledges contradicting case law in this judicial district regarding the finalization of foreclosure sales for purposes of a debtor's right to cure a mortgage default under § 1322 of the Bankruptcy Code. At least one court has held that a foreclosure sale in Tennessee becomes final at the time of the auction (i.e., "upon the fall of the auctioneer's hammer") and not upon a subsequent memorialization of the sale transaction. *See Ferrell v. Southern Fin., Inc. (In re Ferrell)*, 179 B.R. 530, 532 (W.D.Tenn.1994). Applying this approach, however, leads the Court to the same result, a conclusion that the foreclosure sale at issue in this case was final prior to the date of the reopening of the Debtor's case.

█ Although G & M Investments recorded the trustee's deed the day after the March 28 reinstatement order, that was, at best, a technical and unintentional violation of the automatic stay. Since the stay was not in effect when the foreclosure became final, the recordation was harmless.

Although there was testimony that this property has equity above the foreclosure price, the law is clear that the Debtor may not recapture this equity after the finality of a foreclosure. And, the Supreme Court has recently reminded us again that the bankruptcy court's equity powers are limited; here, by Code § 1322(c)(1). *See Raleigh v. Illinois Dept. of Revenue*, —— U.S. ——, ——, 120 S.Ct. 1951, 1957, 147 L.Ed.2d 13 (2000).

No argument was made in this case that the foreclosure sale procedure failed to comply with applicable Tennessee law. Although the Debtor testified that he never received a letter informing him of the pending foreclosure, state law does not require such a letter. It requires no more than twenty days advertisement of the sale, with the advertisement published in an appropriate newspaper. TENN.CODE ANNOT. § 35–5–101.

## CONCLUSION

Based on the facts of this case, Code § 1322(c)(1) and relevant case law interpreting that section, the Court concludes that the foreclosure sale was final prior to the reopening of the Debtor's bankruptcy case on March 28, 2000, thereby extinguishing the Debtor's right to cure the mortgage default and to reinstate the terms of the mortgage. Further, the Court finds that no automatic stay was in existence when the foreclosure sale was held or when it became final under Tennessee law. For these reasons, G & M Investments' motion for annulment of, or retroactive relief from, the automatic stay in order to validate the foreclosure sale is hereby **GRANTED.** The Clerk shall mail copies of this Opinion and Order to counsel making appearances.